# JMBM | Jeffer Mangels Butler & Marmaro LLP

Rod S. Berman
Direct: (310) 201-3517
RBerman@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
www.jmbm.com

Ref: 69338-0001

May 6, 2008

*RECEIVED*
MAY 08 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.



**MEMO ENDORSED**
p3

**BY HAND DELIVERY**

The Hon. Richard M. Berman
United States District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Prime Time Toys, Ltd. v. Manley Toy Direct, LLC *et al.*
      U.S. Dist. Court S.D.N.Y. Case No. 08-CV-2335 (RMB)

Dear Judge Berman:

We are lead counsel for defendant Manley Toy Direct LLC ("Manley Toy Direct") in the above action. We have been admitted *pro hac vice* for this action. Local counsel is Randy M. Friedberg and the Olshan Grundman Frome Rosenzweig & Wolosky LLP law firm.

Pursuant to Your Honor's individual practices, we submit this letter to request a pre-motion conference regarding Manley Toy Direct's proposed motion for summary judgment. Your Honor has set a preliminary case conference for May 27, 2008 at 9:00 a.m., and we request that the pre-motion conference take place concurrently with the preliminary conference. The pre-motion conference would be handled by Manley Toy Direct's local counsel, Randy M. Friedberg, but lead counsel Rod S. Berman, who is located in Los Angeles, California, respectfully requests leave to participate telephonically at the preliminary case conference and the pre-motion conference.

## MANLEY TOY DIRECT'S SUMMARY JUDGMENT MOTION

Manley Toy Direct is in the business of representing toy companies in connection with the importation and/or distribution of their products. In its Complaint, Prime Time Toys, Ltd. ("Prime Time") asserts claims of patent infringement, trademark infringement, unfair competition and unfair trade practices against Manley Toy Direct based on Manley Toy Direct's alleged importation, sale, offer for sale and/or distribution of certain toy products.

The Hon. Richard M. Berman
United States District Judge
Southern District of New York
May 6, 2008
Page 2

Manley Toy Direct, however, has never purchased, imported, sold, offered for sale, warehoused, handled, distributed, or participated in any way, either directly or indirectly, in any such activities in connection with the allegedly infringing products identified in Prime Time's Complaint. In other words, Manley Toy Direct has no connection whatsoever to such products, and has neither induced, nor contributed to, the purchase, importation, sale, offer for sale, distribution, warehousing or handling in any way of such products.

In a letter to Prime Time's counsel dated March 31, 2008, we advised Prime Time and its counsel of the above facts and further advised that we believed Prime Time had made a mistake in naming Manley Toy Direct as a defendant. We asked that Prime Time immediately dismiss Manley Toy Direct from the lawsuit. To facilitate the dismissal, Manley Toy Direct offered to provide Prime Time signed representations and warranties as to the above-recited facts, and also agreed that Prime Time's dismissal could be without prejudice to re-name Manley Toy Direct should Prime Time later discover facts or evidence supporting Manley Toy Direct's inclusion in the lawsuit. In addition, and in an effort to establish that Prime Time and its counsel had complied with their obligations under Federal Rule of Civil Procedure 11 when they decided to name Manley Toy Direct as a defendant, we also asked Prime Time to provide us with the evidence on which it relied in naming Manley Toy Direct in the Complaint in the first instance.

Neither Prime Time nor its counsel has substantively responded to the above requests. Accordingly, defendant Manley Toy Direct believes it is appropriate to immediately move for summary judgment so as to extricate itself from a lawsuit in which it should never have been named. Accompanying its motion will be a sworn declaration of an officer of Manley Toy Direct attesting to the facts outlined above. These facts will, of necessity, be incontrovertible in that Prime Time will not be able to present any evidence to dispute Manley Toy Direct's complete lack of involvement with the allegedly infringing toys.

## CONCLUSION

Defendant Manley Toy Direct believes this is a meritless action that should be terminated summarily before defendant is forced to expend significant attorneys' fees and costs. For the reasons stated above, defendant Manley Toy Direct wishes to move for summary judgment on the grounds outlined above. Defendant Manley Toy Direct respectfully requests that Your Honor schedule a pre-motion conference to coincide with the already scheduled May 27, 2008 preliminary conference. As noted above, Defendant Manley Toy Direct requests Your Honor's leave for their lead counsel in Los Angeles to participate telephonically, with



The Hon. Richard M. Berman
United States District Judge
Southern District of New York
May 6, 2008
Page 3

Defendants' local counsel, Randy M. Friedberg, appearing personally before Your Honor.

Respectfully submitted,

ROD S. BERMAN of
Jeffer, Mangels, Butler & Marmaro LLP

RSB:ep2
cc:   Randy M. Friedberg, Esq.
      Brian W. Kasell, Esq.
      Neil M. Zipkin, Esq. (By Hand Delivery)

> 2-3 pp response from Pl
> (with authorities) by 5/14/08
> @ NOON. We can discuss @ 5/27
> conference.
>
> SO ORDERED:
> Date: 5/9/08
> Richard M. Berman, U.S.D.J.